|  | IN THE CIRCUIT COURT OF THE 4TH JUDICIAL CIRCUIT IN AND FOR DUVAL COUNTY, FLORIDA |
|---|---|

KENYANA JENKINS and KWAME JENKINS,

       Plaintiffs,

CASE NO.:

v.

GREAT LAKES INSURANCE SE,

       Defendant,

_____/

## COMPLAINT

Plaintiff, KENYANA JENKINS and KWAME JENKINS (the "Insured"), hereby sues Defendant, GREAT LAKES INSURANCE SE (the "Insurance Company"), and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is an action for damages that exceeds Thirty Thousand and 00/100 Dollars ($30,000.00), exclusive of interest, costs and attorney's fees and equitable relief by way of a Declaratory Judgment action.

2. The Insured is an individual who at all times material hereto has resided in Duval County, Florida.

3. The Insurance Company is a Florida corporation qualified to do business in Florida and has, at all times material hereto, been conducting business in Duval County, Florida.

4. Venue is proper in Duval County, Florida because the contract, which forms the subject matter of this lawsuit, was executed in Duval County, Florida.

5. All conditions precedent to the filing of this lawsuit have occurred, have been waived or have been performed.

**GENERAL ALLEGATIONS**

6. At all times material hereto, in consideration of a premium paid by the Insured, there was in full force and effect a certain homeowners insurance policy issued by the Insurance Company with a policy number of GLS00023325A (the "Policy").

7. The Insured after diligent search and expending all efforts to locate a copy of the Policy has not been able to do so. However, the Insurance Company must have a copy of said Policy in its possession; as such the Insured will file a copy of the Policy after the same is provided by the Insurance Company.

8. Accordingly, under the terms of the Policy, the Insurance Company agreed to provide insurance coverage to the Insured's property against certain losses. The damaged property is located at 2350 Betsy Dr, Jacksonville, FL 32210 (the "Property").

9. On or about July 22, 2022, while the Policy was in full force and effect, the Property sustained a covered loss as a result of sudden and accidental failure of plumbing system (the "Loss").

10. The Insurance Company assigned claim number 152526 to the Loss.

11. Subsequently, the Insurance Company failed to inform the Insured within 90 days that it was denying coverage for the loss on the basis that it was not covered by the policy or that the payment would be forth coming.

12. The Insured has suffered and continues to suffer damages resulting from Insurance Company's breach of the Policy.

13. The Insured has been obligated to retain the undersigned attorneys for the prosecution of this action and is entitled to a reasonable attorney's fee pursuant to Florida Statute Sections 627.428 and/or 626.9373.

## COUNT I
## BREACH OF CONTRACT

14. The Insured reincorporates paragraphs 1 through 13 as if fully set forth herein.

15. It is undisputed that the Insured and the Insurance Company entered into a written contract, the Policy, wherein the Insured agreed to pay a premium and the Insurance Company agreed to insure the Insured's Property.

16. The Insured has paid all premiums due and owing as contemplated by the Policy; thus, fully performing its obligations under the Policy.

17. The Insured's Property sustained damage which the Insurance Company agreed to provide coverage for under the terms of the Policy.

18. Furthermore, at all times material hereto, the Insured has satisfied all post-loss obligations to the best of its ability in accordance with the Policy.

19. In contrast, the Insurance Company has failed to: (i) acknowledge coverage for the Loss; and/or (ii) acknowledge that payment would be forthcoming; and/or (iii) make any payment of insurance proceeds to the Insured. As a result of the foregoing, the Insurance Company has breached the Policy.

20. As a direct and proximate result of the Insurance Company's breach of the Policy, the Insured has sustained damages.

WHEREFORE, the Insured respectfully requests that this Court enter judgment against the

Insurance Company for damages, plus interest, court costs and reasonable attorney's fees pursuant to Sections 627.428 and/or 626.9373.

## COUNT II
## **DECLARATORY JUDGMENT**

21. The Insured reincorporates paragraphs 1 through 13 as if fully set forth herein.

22. There is a bona fide, actual, present, adverse, and practical need for this Court to render a declaration as to whether the Policy issued by Insurer to Insured provides coverage to Insured for the Loss.

23. There is doubt between the Insured and Insurer regarding coverage of the loss which affects the rights and/or privileges of the Parties.

24. This declaration deals with a present controversy as to the application of the law to facts regarding the insurance coverage available to Insured for the Loss.

25. By filing this declaratory judgment action, the Insured is not requesting that the Court merely provide legal advice or answer questions propounded from curiosity.

26. Based upon the foregoing, the Insured is entitled to a declaratory judgment, holding that coverage does exist for the Loss; thus removing any doubt that exists between the Parties.

27. Pursuant to Section 86.081, Florida Statues, the Insured is entitled to costs.

WHEREFORE, the Insured respectfully seeks the entry of a declaratory judgment against the Insurer holding that the Loss is covered under the Policy, plus costs and attorney fees for bringing this action and such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 27th day of February 2023.

**Respectfully Submitted by,**
**Your Insurance Attorney, PLLC.**
2601 South Bayshore Drive 5th Floor
Coconut Grove, FL 33133
Phone No.: 1-888-570-5677

Fax: 1-888-745-5677
Email: YIA8@Yourinsuranceattorney.com
Secondary Email: Eservice@Yourinsuranceattorney.com

By: /s/ *Mariela Cano*
    Mariela Cano, Esq.
    Florida Bar No. 1015817